UNITED STATES. of America, Appellee,

v.

George R. HENDRIX, Appellant.

No. 83–2306.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 18, 1984.

Decided Feb. 6, 1984.

Charles R. Hicks, Little Rock, Ark., for appellant; Paul D. Gordon, Little Rock, Ark., on brief.

George W. Proctor, U.S. Atty., E.D.Ark., Terry L. Derden, Asst. U.S. Atty., Little Rock, Ark., for appellee.

Before HEANEY, Circuit Judge, HENLEY, Senior Circuit Judge, and ARNOLD, Circuit Judge.

PER CURIAM.

George R. Hendrix pled guilty to one count of possession of a controlled substance with the intent to distribute in violation of 21 U.S.C. § 841(a)(1) (1982). He appeals from the district court's denial of his motion to suppress evidence seized pursuant to a warrant to search a briefcase which he possessed when he arrived at an airport in Little Rock, Arkansas. We affirm.

On January 10, 1983, Special Agent Paul Markonni of the Drug Enforcement Administration (DEA) observed Hendrix in the airport in Atlanta, Georgia, during a layover in Hendrix's flight from Miami, Florida, to Little Rock, Arkansas. Markonni decided that Hendrix fit the so-called "drug courier profile." He then investigated Hendrix's flight arrangements and discovered that the call-back number given to the airline by Hendrix was to a hotel in Miami. On calling that number, Markonni learned that Hendrix had not registered at that hotel the night prior to his flight. Markonni called DEA Special Agent James Stepp in Little Rock with this information. Stepp decided to observe Hendrix when he arrived in Little Rock and possibly conduct an interview with him.

Upon his arrival in Little Rock, Hendrix stood apart from the other passengers as he waited for his luggage at the baggage carousel. He finally took two items, a black carry-on bag and a brown briefcase, from the carousel. As he left the terminal and hailed a taxi, Stepp approached him, identified himself, and asked Hendrix if he would answer some questions. Stepp told Hendrix that he did not have to talk and was free to leave at that time. Hendrix agreed to accompany Stepp, with his baggage, back into

the terminal. Stepp, Hendrix, and two other law enforcement agents were admitted into a small first aid room in the terminal by a uniformed officer working at the airport.

Stepp asked several questions regarding Hendrix's trip and the contents of his luggage. Hendrix agreed to a search of his black carry-on bag, but claimed that the briefcase was not his and that he did not have the combination to open it. He refused to give the agents consent to open the briefcase and explained that a friend had given him $300 to bring it to Little Rock. Someone was to contact him after he arrived and give him more money for delivering the briefcase. After forty to forty-five minutes, the agents told Hendrix that he could not take the briefcase with him when he left. They also confiscated a substantial amount of money which Hendrix had voluntarily removed from his pockets, the claim checks which had been attached to his luggage, and his used plane ticket. Hendrix caught a taxi home, and the agents presented an affidavit setting forth these facts to a federal magistrate. The magistrate granted a warrant to search the briefcase, which was found to contain approximately five hundred grams of cocaine and a small amount of marijuana.

Hendrix's sole contention on appeal is that Special Agent Stepp detained him without probable cause or reasonable suspicion that he was involved in criminal activity and that the statements he made to the agents after his return inside the terminal were therefore the fruits of an illegal arrest. Without those statements, he claims that there would have been no probable cause to search the briefcase. He does not contest the amount of time the briefcase was held after making his incriminating statements nor the sufficiency of the probable cause underlying the search warrant taking those statements into consideration.

In our view, Stepp's initial approach of Hendrix outside the terminal was not a seizure of his person. The district court found that Hendrix's discussion, both outside and inside the airport terminal, was voluntary and that he was free to leave at any time. After reviewing the transcript of the suppression hearing and the exhibits in the record, we cannot say that the court clearly erred in making these findings. Therefore, we affirm the court's denial of Hendrix's motion to suppress and his ensuing guilty plea.